IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

BRIAN HAMPTON WATSON,

        Petitioner,

    v.                                         CIVIL ACTION NO.  2:17cv179

HAROLD W. CLARKE, Director,
Virginia Department of Corrections,

        Respondent.

## REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner Brian Hampton Watson's ("Petitioner") *pro se* Petition for a Writ of Habeas Corpus ("the Petition") filed pursuant to 28 U.S.C. § 2254, ECF No. 1, and Respondent Harold W. Clarke's ("Respondent") Motion to Dismiss, ECF No. 13. The matter was referred for a recommended disposition to the undersigned United States Magistrate Judge ("undersigned") pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges.  The undersigned makes this recommendation without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and Eastern District of Virginia Local Civil Rule 7(J).  For the following reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 13, be **GRANTED,** and the Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE.**

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is currently serving a twenty year sentence in the Virginia Department of Corrections ("VDOC") pursuant to the October 18, 2012 Final Order of the Circuit Court of Prince William County, Virginia ("Trial Court"), following a jury trial in which Petitioner was convicted of Possession with Intent to Distribute a Controlled Substance, Third or Subsequent Offense. ECF No. 1 at 1. *See also* ECF No. 15, attach. 2 at 1. According to the factual findings of the Court of Appeals of Virginia, Petitioner's conviction arises out of the following factual background:

> On August 17, 2011, the police executed a search warrant at a residence on 7626 Quail Run Lane as part of a coordinated long-term narcotics operation. Prior to the execution of the search warrant, the police made three narcotics purchases from [Petitioner] at the Quail Run residence, which the police had identified as belonging to [Petitioner]. The police recovered crack cocaine from underneath the box spring in a bedroom. In addition to the cocaine, the police recovered [Petitioner's] driver's license application from the bedroom. [Petitioner] was not present when the police searched his residence.
>
> The police observed [Petitioner] drive from the residence with two other individuals. Detective Pafford stopped the vehicle, and Detective Steve Loving questioned the occupants of the vehicle. Secret Gaskins consented to a search, which revealed a digital scale and two rocks of cocaine in her purse and five bags of cocaine in her front pants pocket. The police arrested [Petitioner], and he admitted that the cocaine in Gaskins' possession was his. After being Mirandized, [Petitioner] further admitted that he had been "selling about four grams of crack cocaine a day." In addition to the cocaine he gave Gaskins, [Petitioner] informed Detective Loving "that he had just bought some crack that evening and it was under his bed at his house."

ECF No. 1 at 66/ECF No. 15, attach. 1 at 2 (footnotes relocated to body). At trial Petitioner was represented by appointed counsel, Robert Harris III ("Trial Counsel). After jury selection and minutes before opening statements were given, Petitioner informed Trial Counsel that he did not wish to testify, forcing Trial Counsel to abandon the opening statement and theory of the case

2

that Trial Counsel and Petitioner had prepared in the months leading up to trial.  ECF No. 1 at

74.  As Trial Counsel expressed to Petitioner in a written correspondence,

> [t]his prevented me from using my well-prepared opening statement where I
> intended to tell the jury they would hear two very different versions of the facts in
> your case.  The police officer's version and your version.  But when you said you
> would not testify, I could not set the stage for your testimony with the jury and
> plant the notion in their minds of the possibility the police officers were not
> telling the truth or that they had their facts wrong.  Your decision also forced me
> to not ask some of the questions I wanted to on cross examination because it is
> improper for me to say something on your behalf that I know is either not true or
> will not be testified as to by you later in the trial.  You took a big part of the case
> out of my hands by telling me you were not going to testify.  After your decision,
> I asked you repeatedly to let me stop the trial and enter a guilty plea to the charge
> and take the case away from the jury.  You would probably have received five or
> six years under the guidelines.  But you refused.

ECF No. 1 at 74.  However, after both of the Commonwealth's police witnesses testified,

Petitioner changed his mind again, and decided he wanted to testify.  *See* ECF No. 15, attach. 2

at 3 ("At trial, [P]etitioner admitted he occasionally stays at the residence, keeps a few clothing

items there, and goes there to party and get high.  Petitioner testified that [Dorothea] Wade let

'anybody' come and go from the residence.").  *See also* ECF No. 15, attach. 3 at 4 ("On the day

of trial, [Petitioner] sat next to me while we chose the jury and then he told me he changed his

mind and he was not going to testify at all.  He later changed his mind again and said he wanted

to testify but I feel his case was damage by his decision because I could not use my opening

statement, or use my planned cross examination of the police as I intended to do before he told

me he was not going to take the witness stand.").  Petitioner was found guilty and sentenced to

twenty years of incarceration.  ECF No. 1. at 1.  Because the procedural background of this case

is integral to the Court's recommended disposition thereof, the undersigned will now articulate a

3

chronology of Petitioner's numerous appellate efforts and endeavors to obtain state and federal habeas relief.

Petitioner timely appealed to the Court of Appeals of Virginia, challenging the sufficiency of the evidence supporting his conviction for possession of cocaine with intent to distribute. ECF No. 15, attach. 1 at 1. Petitioner's appeal was subsequently denied on May 15, 2013. ECF No. 19 at 2. *See also* ECF No. 15, attach. 1 at 1. On March 24, 2014, Petitioner timely filed his first state petition for a writ of habeas corpus in the Supreme Court of Virginia, alleging the following grounds:

(a) Trial Counsel provided ineffective assistance before and during trial when he (1) failed to investigate the circumstances surrounding the offense and resulting arrest; (2) failed to interview material witnesses, including Ms. Secret Gaskins, Dorothea Wade, and Orlando Thompson; (3) failed to acquire information regarding other drug deals which law enforcement alleged Petitioner had been involved in; (4) failed to ensure the police had probable cause to obtain a search warrant; (5) failed to listen to Petitioner when he explained his charges were the result of his prior unwillingness to cooperate with law enforcement; (6) failed to object for lack of foundation to Detective Loving's testimony regarding drug deals; (7) failed to object to the admission of evidence found on Secret Gaskins and evidence found at the residence on Quail Run Lane; (8) failed to object to Detective Strobel's testimony regarding finding drugs and Petitioner's driver's license in Petitioner's bedroom; (9) failed to call Secret Gaskins and Dorothea Wade as witnesses; (10) failed to object to statements allegedly made by Petitioner pursuant to his arrest on separate charges; (11) failed to notify the court that Detective Loving was lying and committing perjury; (12) failed to communicate with Petitioner regarding trial strategy and available defenses; (13) failed to object at critical points in the trial to preserve issues for appeal; (14) caused prejudice to Petitioner which deprived him of a fair trial; (15) caused prejudice to Petitioner which deprived him of a fair trial by failing to conduct a proper investigation before trial; (16) encouraged Petitioner to plead guilty based on counsel's failure to understand the import of the sentencing guidelines;

(b) Counsel provided ineffective assistance on appeal when he failed to file Petitioner's appeal from the Court of Appeals of Virginia to the Supreme Court of Virginia;

4

(c) Prosecutorial and police misconduct violated Petitioner's constitutional right to a fair trial; and

(d) The search conducted of the residence on Quail Run Lane was unlawful.

ECF No. 15 at 2. *See also* Case No. 2:16-cv-136, ECF No. 12 at 1-3.[1] On October 22, 2014, the Supreme Court of Virginia granted Petitioner a writ of habeas corpus limited to the issue of the denial of his right to appeal (claim "b"), and granted Petitioner leave to appeal from the Order entered by the Court of Appeals on May 15, 2013. However, in granting Petitioner this limited relief, the Supreme Court of Virginia noted that such decision was "without prejudice to [his] right to file a subsequent petition limited to the ground or grounds assigned in that petition. " ECF No. 15 at 2. Petitioner filed a petition for rehearing in the habeas action, and the Supreme Court denied the petition for rehearing on January 14, 2015. ECF No. 15 at 2.

On February 2, 2015, Petitioner filed a petition for appeal in the Supreme Court of Virginia. *See* Case No. 2:16-cv-136, ECF No. 12, attach. 2. On November 10, 2015, the Supreme Court of Virginia entered an Order refusing the petition for appeal. ECF No. 1 at 68. On February 5, 2016, the Supreme Court refused Petitioner's petition for a rehearing. ECF No. 15 at 2.

On or about February 25, 2016, Petitioner timely filed another state petition for habeas relief in the Supreme Court of Virginia, challenging his detention on the following grounds:

a) Counsel provided ineffective assistance before and during trial when he (1) failed to investigate the circumstances surrounding the offense and resulting arrest; (2) failed to interview material witnesses, including Ms. Secret Gaskins, Dorothea Wade, and Orlando Thompson; (3) failed to acquire information

---

[1] As detailed herein, Petitioner filed a petition for federal habeas relief in an earlier case, and the undersigned relies on the pertinent records from this other case to develop the factual background underlying disposition of the Petition. *See Philips v. Pitt County Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining that when considering a Motion to Dismiss, the Court "may properly take judicial notice of matters of public record . . .") (citing *Hall v. Virginia*, 385 F.3d 421, 424 (4th Cir. 2004)). Accordingly, the undersigned will take judicial notice of all filings in Petitioner's other federal habeas case: Case No. 2:16-cv-136.

5

regarding other drug deals which law enforcement alleged Petitioner had been involved in; (4) failed to ensure the police had probable cause to obtain a search warrant; (5) failed to listen to Petitioner when he explained his charges were the result of his prior unwillingness to cooperate with law enforcement; (6) failed to object for lack of foundation to Detective Loving's testimony regarding drug deals; (7) failed to object to the admission of evidence found on Secret Gaskins and evidence found at the residence on Quail Run Lane; (8) failed to object to Detective Strobel's testimony regarding finding drugs and Petitioner's driver's license in Petitioner's bedroom; (9) failed to call Secret Gaskins and Dorothea Wade as witnesses; (10) failed to object to statements allegedly made by Petitioner pursuant to his arrest on separate charges; (11) failed to notify the court that Detective Loving was lying and committing perjury; (12) failed to communicate with Petitioner regarding trial strategy and available defenses; (13) failed to object at critical points in the trial to preserve issues for appeal; (14) caused prejudice to Petitioner which deprived him of a fair trial; (15) caused prejudice to Petitioner which deprived him of a fair trial by failing to conduct a proper investigation before trial; and (16) encouraged Petitioner to plead guilty based on counsel's failure to understand the import of the sentencing guidelines;

(b) Counsel provided ineffective assistance on appeal when he failed to file Watson's appeal from the Court of Appeals of Virginia to the Supreme Court of Virginia;

(c) Prosecutorial and police misconduct violated Watson's constitutional right to a fair trial; and

(d) The search conducted of the residence on Quail Run Lane was unlawful.[2]

ECF No. 15 at 3-4. *See also* ECF No. 15, attach. 2. In addition to this second state habeas petition, Petitioner also filed a motion to amend this second state habeas petition to include further claims for relief:

(e) The circuit court violated his Sixth Amendment right to represent himself and abused its discretion in violation of Rule 1:1;

---

[2] Petitioner also included an unnumbered claim in this second state habeas petition, which averred that Petitioner "was denied the effective assistance of counsel because [T]rial [C]ounsel failed to obtain the identity of the confidential informant." ECF No. 15, attach. 2 at 9. The Supreme Court of Virginia rejected this claim. ECF No. 15, attach. 2 at 9-10.

(f) (1) Trial counsel and appellate counsel both provided ineffective assistance on appeal by not raising certain issues; and (2) appellate counsel provided ineffective assistance on appeal by failing to visit Watson in prison and by failing to consult with Watson to determine which issues should be raised on appeal; and

(g) The Supreme Court of Virginia violated Petitioner's due process rights by denying his motion to stay the grant of the belated appeal and to grant him an evidentiary hearing.

ECF No. 15 at 4.[3] The Supreme Court of Virginia denied this second state petition on January 25, 2017, ECF No. 15 at 4; ECF No. 15, attach. 2 at 10, as well as the petition for rehearing on March 23, 2017, ECF No. 1 at 89.

Petitioner initially filed a *pro se* Section 2254 petition for federal habeas relief in Case No. 2:16-cv-136 on March 22, 2016. Therein, Petitioner asserted the following claims:

1) The trial court erred by overruling Petitioner's motion to strike the evidence because the Commonwealth failed to prove sufficient facts necessary to convict Petitioner of possession of a controlled substance with the intent to distribute under Virginia Code § 18.2-248(C), in violation of Petitioner's constitutional rights to due process and a fair trial;

2) The Court of Appeals of Virginia erred when it denied Petitioner's petition for appeal because (a) the trial court abused its discretion in denying Petitioner's motion to strike the evidence because the evidence was insufficient to prove that he constructively possessed the cocaine found under the bed in a house located on Quail Run Lane; and (b) the Commonwealth failed to give Petitioner sufficient notice that he was being charged with possessing while intending to distribute the drugs found on Secret Gaskins;

3) Petitioner's Sixth Amendment rights were violated when he was not given sufficient notice that he would be tried for possessing while intending to distribute the drugs found on Secret Gaskins; and

4) (a) Counsel provided ineffective assistance before and during trial when he (1) failed to investigate the circumstances surrounding the offense and resulting arrest; (2) failed to interview material witnesses, including Ms. Secret Gaskins,

---

[3] The Supreme Court of Virginia also denied Petitioner's motion to amend the petition. ECF No. 15, attach. 2 at 10 ("Upon consideration hereof, petitioner's motion to amend is denied.").

Dorothea Wade, and Orlando Thompson; (3) failed to acquire information regarding other drug deals which law enforcement alleged Petitioner had been involved in; (4) failed to ensure the police had probable cause to obtain a search warrant; (5) failed to listen to Petitioner when he explained his charges were the result of his prior unwillingness to cooperate with law enforcement; (6) failed to object for lack of foundation to Detective Loving's testimony regarding drug deals; (7) failed to object to the admission of evidence found on Secret Gaskins and evidence found at the residence on Quail Run Lane; (8) failed to object to Detective Strobel's testimony regarding finding drugs and Petitioner's driver's license in Petitioner's bedroom; (9) failed to call Secret Gaskins and Dorothea Wade as witnesses; (10) failed to object to statements allegedly made by Petitioner pursuant to his arrest on separate charges; (11) failed to notify the court that Detective Loving was lying and committing perjury; (12) failed to communicate with Petitioner regarding trial strategy and available defenses; (13) failed to object at critical points in the trial to preserve issues for appeal; (14) caused prejudice to Petitioner which deprived him of a fair trial; (15) caused prejudice to Petitioner which deprived him of a fair trial by failing to conduct a proper investigation before trial; and (16) encouraged Petitioner to plead guilty based on counsel's failure to understand the import of the sentencing guidelines;

4) (b) Counsel provided ineffective assistance on appeal when he failed to file Petitioner's appeal from the Court of Appeals of Virginia to the Supreme Court of Virginia;

4) (c) Prosecutorial and police misconduct violated Petitioner's constitutional right to a fair trial;

4) (d) The search conducted of the residence on Quail Run Lane was unlawful; and

4) (e) The Trial Court violated his Sixth Amendment right to represent himself and abused its discretion in violation of Rule 1:1.

Case No. 2:16-cv-136, ECF No. 12 at 6-8. The Court determined such filing to be a "mixed petition," (consisting of some exhausted and some unexhausted claims) and dismissed the

8

petition without prejudice to allow Petitioner to refile upon exhaustion of all of his claims.  Case

No. 2:16-cv-136, ECF No. 20.[4]

Petitioner filed the instant *pro se* § 2254 Petition ("the Petition") for federal habeas relief

on April 4, 2017, ECF No. 1, wherein he raised the following grounds:

1) the evidence was insufficient to convict Petitioner and the search of the home on Quail Run Lane violated his Fourth Amendment rights;

2) the evidence was insufficient to convict Petitioner because[5]
   a. the house at Quail Run Lane did not belong to Petitioner;
   b. the drugs recovered on Secret Gaskins' person belonged to her, not Petitioner; and
   c. Detective Loving's testimony about Petitioner's statements to Detective Loving did not incriminate Petitioner;

3) Petitioner's Sixth Amendment rights were violated because he was not provided adequate notice that he was going to be charged for the drugs found on Secret Gaskins;

4) Petitioner's Trial Counsel was ineffective on the following sixteen (16) grounds:
   a. Trial Counsel failed to investigate various aspects of Petitioner's case, specifically, "the circumstances surrounding the offense as charged, sequence of arrest" ("Claim 4(a)(1)");
   b. Trial Counsel failed to interview material witnesses ("Claim 4(a)(2)");
   c. Trial Counsel failed to acquire information regarding other drug deals that allegedly occurred between Petitioner and the police prior to his arrest on August 17, 2011 ("Claim 4(a)(3)");
   d. Trial Counsel failed to ensure that probable cause existed to support the search warrant executed upon the residence at Quail Run Lane ("Claim 4(a)(4)");
   e. Trial Counsel did not listen to Petitioner when Petitioner tried to explain to Trial Counsel that the charges were only brought against Petitioner because he refused to cooperate with law enforcement ("Claim 4(a)(5)");
   f. Trial Counsel failed to object during trial to Detective Loving's statements regarding prior drug deals completed by Petitioner, but the Commonwealth produced no such evidence ("Claim 4(a)(6)");
   g. Trial Counsel failed to object to the admission of drug evidence recovered from Secret Gaskins' person during the arrest and search of her and Petitioner on

---

[4] Petitioner conceded that Claims (4)(a)(1) through (4)(a)(16) and Claims (4)(b) through (4)(e) were not exhausted, as evidenced by his attempts to voluntarily dismiss the same. *See* Case No. 2:16-cv-136, ECF Nos. 15-16.
[5] Respondent construes this claim as a sufficiency of evidence claim, *see* ECF No. 15 at 9, and the undersigned agrees with this characterization.

August 17, 2011 and also failed to object to the evidence found inside the residence on Quail Run Lane regarding how such residence was identified as Petitioner's home ("Claim 4(a)(7)");

h. Trial Counsel failed to object to the testimony of Detective Strobel, who testified that she found Petitioner's license in a bedroom along with drugs even though Trial Counsel was aware that police had taken Petitioner's license when he was arrested, prior to the execution of the search warrant of the Quail Run Lane residence ("Claim 4(a)(8)");

i. Trial Counsel failed to call various witnesses who were ready and willing to testify on Petitioner's behalf, namely: Secret Gaskins and Dorothea Wade ("Claim 4(a)(9)");

j. Trial Counsel failed to object to the introduction of any statements Petitioner allegedly made following his arrest on August 17, 2011 since charges were later brought against Petitioner for unrelated events that occurred on July 18, 2011 that Petitioner had discussed with law enforcement subsequent to his arrest in August ("Claim 4(a)(10)");

k. Trial Counsel failed to advise the Trial Court that Detective Loving committed perjury when he testified at trial that he could not recall whether Petitioner was also charged with the drugs found on Secret Gaskins' person on the day Petitioner was arrested ("Claim 4(a)(11)");

l. Trial Counsel failed to communicate with Petitioner regarding the trial strategy, such that Petitioner was unable to make informed choices regarding his participation in his own defense ("Claim 4(a)(12)");

m. Trial Counsel failed to object at critical points during trial to preserve material issues for appeal in the event Petitioner did not prevail at trial ("Claim 4(a)(13)");

n. Trial Counsel's unprofessional errors amounted to constitutionally defective representation and deprived Petitioner of a fair trial("Claim 4(a)(14)");

o. Trial Counsel's failure to properly investigate and prepare for trial deprived Petitioner of an adequate defense, as evidenced by Trial Counsel's attempts to stop trial and convince Petitioner to plead guilty ("Claim 4(a)(15)");

p. Trial Counsel was ineffective because Trial Counsel encouraged Petitioner to plead guilty based on Trial Counsel's misunderstanding of the discretionary nature of the guidelines ("Claim 4(a)(16)");

5) Petitioner's Trial Counsel (and later, Appellate Counsel) was ineffective for failure to perfect an appeal from the Court of Appeals of Virginia to the Supreme Court of Virginia;

6) Petitioner's constitutional right to a fair trial was violated by police and prosecutorial misconduct.

7) The search of the Quail Run Lane residence was unlawful.

ECF No. 1 at 1-54. *See also* ECF No. 15, *passim*.

On December 6, 2017, Respondent filed a Motion to Dismiss, a Rule 5 Answer, a Brief in Support of the Motion to Dismiss, and *Roseboro* Notice. ECF Nos. 13-16. After receiving an extension, *see* ECF Nos. 17-18, Petitioner filed a Response in Opposition on January 24, 2018, *see* ECF No. 19.[6]   Therefore, the instant Petition and Motion to Dismiss are ripe for recommended disposition.[7]

## II. DISCUSSION

A. Exhaustion and Procedural Default

Before considering the merits of a federal habeas petition, the preliminary inquiry must be whether Petitioner appropriately exhausted the claims asserted in the Petition, and/or whether Petitioner has procedurally defaulted on his claims such that these claims are simultaneously exhausted and defaulted for purposes of federal habeas review.

*1. Exhaustion*

Section 2254 allows a prisoner held in state custody to challenge his detention on the ground that his custody violates the "Constitution or laws or treaties of the United States."  28

---

[6] The undersigned granted Petitioner's Motion for Extension and extended Petitioner's deadline for responding to the Motion to Dismiss to January 28, 2018. ECF Nos. 7-18. Although Petitioner's Response in Opposition (ECF No. 19) was not received and filed by the Clerk's Office until January 30, 2018, the undersigned affords Petitioner the benefit of the "prison mailbox rule," which deems prisoner court filings to be "filed" as of the date that the documents are given to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) and Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts. *See also Booker v. Clarke*, No. 1:15CV781 (JCC/JFA), 2016 WL 4718951, at *4 (E.D. Va. Sept. 8, 2016), appeal dismissed, 678 F. App'x 152 (4th Cir. 2017), *cert. denied*, 138 S. Ct. 234, 199 L. Ed. 2d 152 (2017), *reh'g denied*, 138 S. Ct. 538, 199 L. Ed. 2d 414 (2017) ("For federal purposes, a pleading submitted by an incarcerated litigant acting *pro se* is deemed filed when it is delivered to prison officials for mailing.") (citing *Houston v. Lack*, 487 U.S. 266 (1988)). Here, the Certificate of Service affixed to Petitioner's Response in Opposition bears a signature date of January 24, 2018, well within the January 28, 2018 deadline. ECF No. 19 at 18. Therefore, the undersigned considers Petitioner's Response in Opposition timely filed.
[7] Petitioner's Motion for Leave to Proceed in Forma Pauperis (ECF No. 2) also remains outstanding and requires disposition, which the undersigned provides in Part IV, *infra*.

11

U.S.C. § 2254(a). A state prisoner, however, must exhaust his available state remedies or demonstrate the absence or ineffectiveness of such remedies before petitioning for federal habeas relief in order to give "state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). Importantly, "[t]he burden of proving that a claim is exhausted lies with the habeas petitioner." *Id.* at 618. The exhaustion requirement is satisfied if the prisoner seeks review of his claim in the highest state court with jurisdiction to consider it through either direct appeal or post-conviction proceedings, *see O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999), and the "essential legal theories and factual allegations advanced in the federal court [are] the same as those advanced at least once to the highest state court," *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), *aff'd*, 996 F.2d 1560 (4th Cir. 1993). "Thus, a petitioner convicted in Virginia first must have presented the same factual and legal claims raised in his federal habeas corpus application to the Supreme Court of Virginia on direct appeal or in a state habeas corpus petition." *Moody v. Dir., Virginia Dep't of Corr.*, No. 1:14CV1581 (GBL/TCB), 2016 WL 927184, at *3 (E.D. Va. Mar. 3, 2016), *appeal dismissed*, 669 F. App'x 160 (4th Cir. 2016) (citing Duncan v. Henry, 513 U.S. 364 (1995)).

### 2. *Procedural Default*

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). As the Fourth Circuit has explained, the procedural default doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Breard v. Pruett*, 134 F.3d 615,

619 (4th Cir. 1998) (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)).  *See also Hedrick v. True*, 443 F.3d 342, 359 (4th Cir. 2006) ("A federal claim is deemed procedurally defaulted where 'a state court has declined to consider the claim's merits on the basis of an adequate and independent state procedural rule.' . . . A federal court cannot review a procedurally defaulted claim unless the prisoner can demonstrate cause and prejudice for the default or a fundamental miscarriage of justice.") (quoting *Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998); citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)) (internal citations omitted).  As the Supreme Court recently observed, "[t]he procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine." *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017) (citing *McCleskey v. Zant*, 499 U.S. 467, 493 (1991)).

Additionally, a petitioner seeking federal habeas relief also procedurally defaults his claims when he "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Breard*, 134 F.3d at 619 (quoting *Coleman*, 501 U.S. at 735 n.1).   When considering a petition for federal habeas corpus, § 2254(d) mandates that a state court's finding of procedural default be presumed correct, provided that the state court relied explicitly on procedural grounds to deny petitioner relief and that the procedural rule relied on is an independent and adequate state ground for denying relief. *See Ford v. Georgia*, 498 U.S. 411, 423-24 (1991) (explaining that "an adequate and independent state procedural bar to the entertainment of constitutional claims must have been 'firmly established and regularly followed' by the time as of which it is to be applied") (citing *James v. Kentucky*, 466 U.S. 341, 348-51 (1984)).

Absent a showing of cause for the default and prejudice or a fundamental miscarriage of justice (such as actual innocence), this Court cannot review the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989). *See also Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 588 (E.D. Va. 2006) (explaining that "a petitioner may nonetheless overcome procedural default, and have his claims addressed on the merits, by showing either cause and prejudice for the default, or that a miscarriage of justice would result from the lack of such review") (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Savino v. Murray*, 82 F.3d 593, 602 (4th Cir. 1996)).   The Fourth Circuit has held that "[t]o establish cause, a petitioner must 'show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'" *Hedrick v. True*, 443 F.3d 342, 366 (4th Cir. 2006) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). *See also Davila v. Davis*, 137 S. Ct. 2058, 2065, 198 L. Ed. 2d 603 (2017) ("A factor is external to the defense if it 'cannot fairly be attributed to' the prisoner.") (quoting *Coleman v. Thompson*, 501 U.S. 722, 753 (1991)). "This requires a demonstration that 'the factual or legal basis for the claim was not reasonably available to the claimant at the time of the state proceeding.'" *Hedrick v. True*, 443 F.3d 342, 366 (4th Cir. 2006) (quoting *Roach v. Angelone*, 176 F.3d 210, 222 (4th Cir. 1999)). "Importantly, a court need not consider the issue of prejudice in the absence of cause." *Booker v. Clarke*, No. 1:15CV781 (JCC/JFA), 2016 WL 4718951, at *5 (E.D. Va. Sept. 8, 2016), *appeal dismissed*, 678 F. App'x 152 (4th Cir. 2017), cert. denied, 138 S. Ct. 234, 199 L. Ed. 2d 152 (2017), *reh'g denied*, 138 S. Ct. 538, 199 L. Ed. 2d 414 (2017) (citing *Kornahrens v. Evatt*, 66 F.3d 1350, 1359 (4th Cir. 1995), *cert. denied*, 517 U.S. 1171 (1996)).

### 3. *Petitioner's claims are effectively exhausted and procedurally defaulted.*

Here, all of Petitioner's claims are exhausted, which Respondent concedes. *See* ECF No. 15 at 5 (admitting that Petitioner "has exhausted his state remedies either because he has previously presented his claims in the state's highest court, the Supreme Court of Virginia, or because he would be precluded from doing so were he now to return to state court. His direct appeal is now final and any subsequent state habeas petition would be procedurally defaulted under Virginia Code § 8.01-654(B)(2) (the state's successive petition statute)").[8] Accordingly, the undersigned **FINDS** that Petitioner effectively exhausted his state court remedies with respect to the claims asserted in the Petition, and therefore the Court has jurisdiction to consider the Petition.

### B. Standards of Review

#### 1. *28 U.S.C. § 2254(d)*

Habeas relief is warranted only if Petitioner can demonstrate that the adjudication of his claims by the state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Thus, federal habeas relief is precluded, so long as "fair-minded jurists could disagree" on the correctness of the state court's decision. *Harrington v. Richter*, 562 U.S. 86, 102 (2011). "If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA[9], § 2254(d) stops short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings." *Harrington v. Richter*, 562 U.S. 86, 102 (2011) ("It preserves

---

[8] Respondent similarly concedes that the Petition is timely filed under the AEDPA's one year statute of limitations. *See* ECF No. 15 at 5.
[9] Antiterrorism and Effective Death Penalty Act of 1996

authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no further.") (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996) (discussing AEDPA's "modified *res judicata* rule" under § 2244)).   In other words, "AEDPA prohibits federal habeas relief for any claim adjudicated on the merits in state court, unless one of the exceptions listed in § 2254(d) obtains." *Premo v. Moore*, 562 U.S. 115, 121 (2011).

In *Williams v. Taylor*, the Supreme Court explained that the "exceptions" encapsulated by § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. 529 U.S. 362, 404-05 (2000).  A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in Supreme Court cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts.   *Id.* at 405-06.   This Court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from Supreme Court decisions, but unreasonably applies it to the facts of the particular case. *Williams v. Taylor*, 529 U.S. 362, 407-08 (2000). *See also Woodford v. Visciotti*, 537 U.S. 19, 27 (2002) ("The federal habeas scheme leaves primary responsibility with the state courts for these judgments, and authorizes federal-court intervention only when a state-court decision is objectively unreasonable.").  "The focus of the [unreasonable application] inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and . . . an unreasonable application is different from an incorrect one." *Bell v. Cone*, 535 U.S. 685, 694 (2002).

In making this determination under Section 2254(d)(1), the Court "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*,

563 U.S. 170, 181–82 (2011) ("Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that 'resulted in' a decision that was contrary to, or 'involved' an unreasonable application of, established law.  This backward-looking language requires an examination of the state-court decision at the time it was made.  It follows that the record under review is limited to the record in existence at that same time i.e., the record before the state court.").  Thus, it is this Court's obligation to focus "on the state court decision that previously addressed the claims rather than the petitioner's freestanding claims themselves."[10]  *McLee v. Angelone*, 967 F. Supp. 152, 156 (E.D. Va. 1997).  *See also Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (explaining that the Court independently reviews whether that decision satisfies either standard).  Additionally, in undertaking such review, this Court is mindful that "a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

### 2. *Ineffective Assistance of Counsel*

Because there is no allegation that the state courts decided Petitioner's state habeas endeavors "differently than th[e U.S. Supreme] Court has on a set of materially indistinguishable facts," *Williams v. Taylor*, 529 U.S. 362, 413 (2000), the relevant exception is "permitting relitigation where the earlier state decision resulted from an 'unreasonable application of' clearly established federal law" and "[t]he applicable federal law consists of the rules for determining when a criminal defendant has received inadequate representation as defined in *Strickland*," *Premo v. Moore*, 562 U.S. 115, 121 (2011) (citing *Harrington v. Richter*, 562 U.S. 86, 100

---

[10] Pursuant to § 2254(d), the federal court must look to the state court decision that was "adjudicated on the merits in State court proceedings . . . resulting in a decision." *McLee v. Angelone*, 967 F. Supp. 152, 156 (E.D. Va. 1997). In this case, the qualifying state court decisions on the merits are the Court of Appeals of Virginia's May 15, 2013 Order denying Petitioner's appeal regarding possession with intent to distribute, ECF No. 15, attach. 1, and the Supreme Court of Virginia's January 25, 2017 Order dismissing and denying Petitioner's state habeas petition.

(2011); 28 U.S.C. § 2254(d)(1)).  *See also Strickland v. Washington*, 446 U.S. 668 (1984).

Generally, to have been entitled to habeas relief in State court for ineffective assistance of

counsel claims under the Sixth Amendment, Petitioner had to show both that his Trial Counsel

provided deficient assistance, and that he was prejudiced as a result of Trial Counsel's

deficiency.  *Strickland v. Washington*, 446 U.S. 668, 700 (1984) (conceptualizing the inquiry as

two required prongs: a deficiency prong and a prejudice prong).  First, to establish deficient

performance, Petitioner was required to show that "counsel's representation fell below an

objective standard of reasonableness."  *Strickland*, 446 U.S. at 688-89 (holding that there is a

strong presumption that trial counsel provided reasonable professional assistance).  Second,

Petitioner was also required to demonstrate "a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different.  A reasonable

probability is a probability sufficient to undermine confidence in the outcome."  *Id*. at 687, 693-

94 (holding that counsel's errors must be "so serious as to deprive the defendant of a fair trial,"

and that a petitioner must "show that the errors had some conceivable effect on the outcome of

the proceeding").

   The United States Supreme Court summarized the high bar faced by petitioners in a

federal habeas proceeding where a petitioner's Sixth Amendment ineffective assistance of

counsel claims were previously rejected by the state court:

> Establishing that a state court's application of *Strickland* was unreasonable under
> § 2254(d) is all the more difficult. The standards created by *Strickland* and §
> 2254(d) are both 'highly deferential,' . . . and when the two apply in tandem,
> review is 'doubly' so . . . . The *Strickland* standard is a general one, so the range
> of reasonable applications is substantial. . . . Federal habeas courts must guard
> against the danger of equating unreasonableness under *Strickland* with
> unreasonableness under § 2254(d). When § 2254(d) applies, the question is not
> whether counsel's actions were reasonable. The question is whether there is any
> reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Premo v. Moore*, 562 U.S. 115, 122–23 (2011) (quoting *Harrington v. Richter*, 562 U.S. 86, 105

(2011) (citing *Strickland v. Washington*, 466 U.S. 668, 689 (1984); *Lindh v. Murphy*, 521 U.S.

320, 333 n.7 (1997); *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009))) (internal citations

omitted). *See also Knowles*, 556 U.S. at 123 ("Under the doubly deferential judicial review that

applies to a *Strickland* claim evaluated under the § 2254(d)(1) standard . . . Mirzayance's

ineffective-assistance claim fails.") (citing *Yarborough v. Gentry*, 540 U.S. 1, 5–6 (2003) (*per

curiam*)).   To be sure, and particularly apropos to Petitioner's claim, the "[f]ailure to raise a

meritless argument can *never* amount to ineffective assistance." *Juniper v. Zook*, 117 F. Supp.

3d 780, 791 (E.D. Va. 2015) (quoting *Moore v. United States*, 934 F. Supp. 724, 731 (E.D. Va.

1996)) (emphasis added).

   With these principles in mind, the undersigned now turns to the merits of the Petition.

C. Facts and Findings of Law

   *1. Claim 1*

   In a portion of Claim 1, Petitioner contends that "the Trial Court errored [sic] by

overruling Petitioner's motion to strike the evidence because the Commonwealth failed to prove

sufficient facts necessary to convict the Petitioner of possession of a controlled substance with

the intent to distribute." ECF No. 1 at 8.  The Court of Appeals of Virginia discussed this Claim

in great detail when denying the same as a ground for appeal when Petitioner raised it on direct

appeal, and the Supreme Court of Virginia summarily affirmed the Court of Appeals.  ECF No.

15 at 8.  Specifically, the Court of Appeals of Virginia held that

> Appellant challenges the sufficiency of the evidence supporting his
> conviction for possession of cocaine with intent to distribute.  He contends the
> Commonwealth failed to prove he constructively possessed the cocaine located in
> the bedroom of his residence. "On appeal, 'we review the evidence in the light
> most favorable to the Commonwealth, granting to it all reasonable inferences

fairly deducible therefrom.'" *Archer v. Commonwealth*, 26 Va. App. 1, 1 1, 492 S.E.2d 826, 831 (1997) (quoting *Martin v. Commonwealth*, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).

To support a conviction for possession of cocaine in this case, the Commonwealth was required to establish that appellant constructively possessed the cocaine.

> "To support a conviction based upon constructive possession [of illegal drugs], the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control."

*Carosi v. Commonwealth*, 280 Va. 545, 554, 701 S.E.2d 441, 446 (2010) (quoting *Drew v. Commonwealth*, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986)). Although "an accused's ownership . . . of the premises . . . where an illegal drug is found [does not] create a presumption of possession" it "is one circumstance that can be considered along with the other evidence in determining whether the accused constructively possessed the illegal drug." *Jordan v. Commonwealth*, 273 Va. 639, 646, 643 S.E.2d 166, 170 (2007).

On August 17. 2011, the police executed a search warrant at a residence on 7626 Quail Run Lane as part of a coordinated long-term narcotics operation. The police recovered crack cocaine from underneath the box spring in a bedroom. In addition to the cocaine, the police recovered appellant's driver's license application from the bedroom. Appellant was not present when the police searched his residence.

The police observed appellant drive from the residence with two other individuals. Detective Pafford stopped the vehicle, and Detective Steve Loving questioned the occupants of the vehicle. Secret Gaskins consented to a search, which revealed a digital scale and two rocks of cocaine in her purse and five bags of cocaine in her front pants pocket. The police arrested appellant, and he admitted that the cocaine in Gaskins' possession was his. After being Mirandized, appellant further admitted he had "been selling about four grams of crack cocaine a day." In addition to the cocaine he gave Gaskins, appellant informed Detective Loving "that he had just bought some crack that evening and it was under his bed at his house."

Appellant's statement to Detective Loving concerning the location of the cocaine in the Quail Run residence establishes that appellant "was aware of the presence and character of the [cocaine] and that the [contraband] was subject to his dominion and control." *Rawls v. Commonwealth*, 272 Va. 334, 349, 634 S.E.2d 697, 705 (2006).    In fact, appellant's admission independently corroborated the location of the contraband.  The only logical inference from this evidence is that in order for appellant to know precisely where the cocaine was located, he had dominion and control over the contraband.  The fact that the driver's· license application did not list the Quail Run residence as appellant's current address does not compel the reversal of his conviction.  The police had conducted three narcotics purchases from appellant at the Quail Run residence, and appellant had described the house as his to Detective Loving.  Even if the bedroom belonged to some other unnamed individual, "possession need not always by exclusive."    *Smallwood v. Commonwealth,* 278 Va. 625, 630, 688 S.E.2d 154, 156 (2009) (citation omitted).  The circumstantial evidence in this case "'exclude[s] every reasonable hypothesis of innocence[,]'"    *Hamilton v. Commonwealth*, 6 Va. App. 751. 755, 433 S.E.2d 27, 29 (1993) (quoting *Boothe v. Commonwealth*, 4 Va. App. 484, 492, 358 S.E.2d 740, 745 (1987)), and we therefore deny the petition for appeal.

ECF No. 15, attach. 1 at 1-3.  The Supreme Court of the United States has repeatedly made clear that "evidence is sufficient to support a conviction whenever, 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Parker v. Matthews*, 567 U.S. 37, 43 (2012) (quoting *Jackson v. Virginia,* 443 U.S. 307, 319 (1979)).  It is equally well-established that "a state-court decision rejecting a sufficiency challenge may not be overturned on federal habeas unless the 'decision was 'objectively unreasonable.''"    *Cavazos v. Smith*, 565 U.S. 1, 2 (2011) ("Because rational people can sometimes disagree, the inevitable consequence of this settled law is that judges will sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold.  The Court of Appeals in this case substituted its judgment for that of a California jury on the question whether the prosecution's or the defense's expert witnesses

more persuasively explained the cause of a death. For this reason, certiorari is granted and the judgment of the Court of Appeals is reversed.").

The undersigned **FINDS** that the state courts' consideration and ultimate denial of this portion of Claim 1 on direct appeal was neither unreasonable nor contrary to federal law, and declines Petitioner's invitation to substitute its own judgment for that of the Trial Court, the Court of Appeals of Virginia, and the Supreme Court of Virginia. Accordingly, the undersigned **RECOMMENDS** that this portion of Claim 1 be **DISMISSED**.

Petitioner also contends, in the other portion of Claim 1, that the search warrant executed on the residence at Quail Run Lane was not supported by probable cause. ECF No. 1 at 7. The Supreme Court of Virginia rejected this portion of Claim 1 when Petitioner raised it for the first time in his state habeas petition, finding that it was "barred because these non-jurisdictional issues could have been raised at trial and on direct appeal, and thus, are not cognizable in a petition for a writ of habeas corpus." ECF No. 15, attach. 2 at 9 (citing *Slayton v. Parrigan*, 215 Va. 27, 205 S.E.2d 680 (1974), *cert. denied*, 419 U.S. 1108 (1975)). This Court may not review claims which have been procedurally defaulted in state court. *Ellis v. Johnson*, No. 2:09CV394, 2010 WL 1286040, at *1 (E.D. Va. Mar. 30, 2010) (citing *Coleman v. Thompson*, 501 U.S. 722, 748 (1991)). As clearly established by Fourth Circuit case law, "[i]n Virginia, the basic procedural bar rule is a simple one: no writ will be granted on the basis of any legal or factual claim the petitioner could have made previously, but did not." *Pruett v. Thompson*, 771 F. Supp. 1428, 1437 (E.D. Va. 1991), *aff'd*, 996 F.2d 1560 (4th Cir. 1993) (citing *Slayton v. Parrigan*, 215 Va. 27, 205 S.E.2d 680 (1974), *cert. denied*, 419 U.S. 1108 (1975); Va. Code Ann. § 8.01–654(B)(2)). Accordingly, the undersigned **RECOMMENDS** that this portion of Claim 1 be **DISMISSED**.

## 2. *Claim 2*

In Claim 2, Petitioner asserts three allegations of error.  ECF No. 1 at 9-11.  First, he asserts that the residence located on Quail Run Lane was not his.  Second, he contends that the drugs recovered from Secret Gaskins' person were her drugs, and not Petitioner's.  Finally, Petitioner contends that Detective Loving incorrectly suggested that Petitioner's statements to Detective Loving were incriminating.  With regards to the first two allegations of error encapsulated in Claim 2, the undersigned **FINDS** that its previous consideration and rejection of these issues as raised by Claim 1 requires the same result.  Whether Petitioner owned the house located at Quail Run Lane is immaterial to whether he constructively possessed the drugs found therein.  Similarly, with respect to Petitioner's contention that the drugs actually belonged to Secret Gaskins, Petitioner is essentially mounting another sufficiency of evidence argument, which was considered and rejected by the Court of Appeals of Virginia.  Regarding the third allegation about Detective Loving's characterization of Petitioner's statements as "incriminating," a review of the trial transcript and examination of Petitioner's post-*Miranda* statements contained therein makes it clear that when read in the full context of Detective Loving's testimony, Petitioner's statements (spontaneous statements and reaffirmed admissions post-*Miranda*) were incriminating and the Trial Court did not err by allowing them, nor did the Court of Appeals by rejecting this claim of error.  *See* ECF No. 15, attach. 1 at 2.  *See also* May 29, 2012 Trial Transcript at 56-73.

Based on these circumstances, the state court's disposition of this Claim was neither unreasonable nor contrary to federal law, and for the aforementioned reasons, the undersigned **RECOMMENDS** that Claim 2 be **DISMISSED**.

### 3. *Claim 3*

In Claim 3, Petitioner argues that his Sixth Amendment rights were violated because he was not given fair and adequate notice that he would be tried for the drugs found on Secret Gaskins. ECF No. 1 at 12 ("During the trial the Commonwealth introduced evidence cocaine found on Ms. Gaskins in violation of [Petitioner's] rights. He was not told that evidence of this kind would be introduced and attributed to him."). Petitioner raised this allegation for the first time in his state habeas petition, and the Supreme Court of Virginia rejected the same, finding that because Petitioner did not raise this Claim on direct appeal, it was procedurally defaulted under the rule in *Slayton v. Parrigan*. *See* ECF No. 15, attach. 2 at 9 ("Petitioner alleges the prosecutor improperly prosecuted him for possession of the cocaine found in Gaskins' possession, improperly admitted evidence regarding those drugs."). Respondent argues that this Claim should be denied because the *Slayton* rule represents an adequate and independent state law procedural ground precluding federal review of the Claim. *See* ECF No. 15 at 9-10 (citing *Vinson v. True*, 436 F.3d 412, 417 (4th Cir. 2006) ("Absent a fundamental miscarriage of justice, which Vinson does not assert, federal habeas courts may not review procedurally barred claims 'unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law.'") (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). The undersigned agrees.

This Court may not review claims which have been procedurally defaulted in state court. *Ellis v. Johnson*, No. 2:09CV394, 2010 WL 1286040, at *1 (E.D. Va. Mar. 30, 2010) (citing *Coleman v. Thompson*, 501 U.S. 722, 748 (1991)). As clearly established by Fourth Circuit case law, "[i]n Virginia, the basic procedural bar rule is a simple one: no writ will be granted on the basis of any legal or factual claim the petitioner could have made previously, but did not."

24

*Pruett v. Thompson*, 771 F. Supp. 1428, 1437 (E.D. Va. 1991), *aff'd*, 996 F.2d 1560 (4th Cir. 1993) (citing *Slayton v. Parrigan*, 215 Va. 27, 205 S.E.2d 680 (1974), *cert. denied*, 419 U.S. 1108 (1975); Va. Code Ann. § 8.01–654(B)(2)). Petitioner could have raised this claim on direct appeal but did not, and thus his procedural default was an adequate and independent state law procedural ground for dismissing his claim. Petitioner failed to demonstrate cause for the default and prejudice as a result thereof, and thus federal review of this claim is precluded. Accordingly, the undersigned **RECOMMENDS** that Claim 3 be **DISMISSED**.

    4. *Claim 4(a)(1)-(16)*

In Claim 4, Petitioner argues that Trial Counsel was ineffective based on a total of sixteen (16) grounds. In the interest of clarity, the undersigned will address each component of Claim 4 separately and in numerical order.

    i. **Claim 4(a)(1)**

In Claim 4(a)(1), Petitioner alleges that Trial Counsel provided ineffective assistance because he failed to "investigate the circumstances surround the offense as charged, sequence of arrest [sic]." ECF No. 1 at 34. In denying this Claim when it was raised in Petitioner's state habeas petition, the Supreme Court of Virginia concluded that the Claim lacked merit because Petitioner "ha[d] not proffered what information, beneficial or otherwise, [Trial Counsel] should have obtained or articulated how it would have affected the outcome of his case." ECF No. 15, attach. 2 at 1.

The undersigned agrees, and notes that this Claim amounts to nothing more than Petitioner's bald, conclusory allegation of error. To be sure, courts must liberally construe *pro se* civil rights complaints in order to address constitutional deprivations. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). "Nevertheless, '[p]rinciples requiring generous construction

of *pro se* complaints are not . . . without limits.'" *Nahwooksy v. Clarke*, No. 3:14CV853, 2016 WL 831937, at *3 (E.D. Va. Feb. 29, 2016) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)). "District judges are not mind readers . . . [and] cannot be expected to construct full blown claims from sentence fragments, which is essentially what [Petitioner] is seeking here." *Nahwooksy v. Clarke*, No. 3:14CV853, 2016 WL 831937, at *3 (E.D. Va. Feb. 29, 2016) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)) (first alteration in original). Therefore, the undersigned **FINDS** that the Supreme Court of Virginia's rejection of this Claim in the state habeas proceeding was neither unreasonable nor contrary to federal law.

Accordingly, the undersigned **RECOMMENDS** that Claim 4(a)(1) be **DISMISSED**.

### ii.  Claim 4(a)(2)

In Claim 4(a)(2), Petitioner alleges that Trial Counsel was ineffective because he failed to interview three material witnesses, namely: (1) Secret Gaskins[11], the person on whom the drugs were found; (2) Dorothea Wade, the owner of the Quail Run residence[12]; and (3) Orlando Thompson, the other passenger in the car with Secret Gaskins and Petitioner when Ms. Gaskins and Petitioner were arrested on August 17, 2011. ECF No. 1 at 34. With respect to each of the three witnesses identified by Petitioner, the Supreme Court of Virginia found that Petitioner "failed to demonstrate that [Trial Counsel's] performance was deficient or that there is a reasonable probability that, but for [Trial Counsel's] alleged errors, the result of the proceeding would have been different." ECF No. 15, attach. 2 at 2-3.

The Supreme Court of Virginia found that with respect to the first witness identified by Petitioner, Secret Gaskins, Petitioner had "not proffered what information, beneficial or

---

[11] The undersigned understands Secret Gaskins to be the niece of Petitioner. *See* ECF No. 15, attach. 3 at 2.
[12] The undersigned understands Dorothea Wade to be Petitioner's sister and the owner of the residence located at Quail Run Lane. *See* ECF No. 15, attach. 3 at 4; ECF No. 1 at 34.

otherwise, Gaskins would have given counsel, articulated to what relevant testimony she would have given, or explained how the outcome of his case would have been altered by any information or testimony provided by Gaskins." ECF No. 15, attach. 2 at 2. Similarly, with respect to the third witness identified by Petitioner, Orlando Thompson, the Supreme Court of Virginia concluded that Petitioner had "not proffered what information, beneficial or otherwise, Thompson would have given [Trial Counsel] or explained how the outcome of his case would have been altered by any information provided by Thompson." ECF No. 15, attach. 2 at 3. Thus, with respect to Petitioner's allegations regarding Trial Counsel's failure to call Gaskins and/or Thompson, the Supreme Court of Virginia found that Petitioner had not sufficiently demonstrated what prejudice he suffered, and was therefore not entitled to habeas relief. ECF No. 15, attach. 2 at 2-3. *See Strickland v. Washington*, 466 U.S. 668, 689 (1984). The undersigned agrees, as Petitioner wholly failed to proffer what information should have been elicited that would have affected the outcome of the case. *See Bennedett*, 775 F.2d at 1278. Accordingly, the undersigned **FINDS** that the Supreme Court of Virginia's decision was neither unreasonable nor contrary to federal law.

Regarding the second witness identified by Petitioner, Dorothea Wade, his sister and owner of the Quail Run Lane residence, Petitioner alleged in his state habeas petition before the Supreme Court of Virginia that "Wade would have testified she was the owner of the residence, that [P]etitioner did not live there, did not sell drugs there, or have a room or keep any personal effects there, and that she was not present when the search warrant was executed." ECF No. 15, attach. 2 at 2. Although Petitioner provided more information to support this portion of Claim 4(a)(2) than he did for the other portions, the Supreme Court of Virginia observed that

> At trial, [P]etitioner admitted he occasionally stays at the residence, keeps a few
> clothing items there, and goes there to party and get high. Petitioner testified that

27

> Wade let "anybody" come and go from the residence. [Trial] Counsel avers that
> [P]etitioner told him Wade did not live at the residence and that people used it as
> a place to sleep and use drugs. Petitioner did not ask counsel to call Wade as a
> witness, stating he did not want to get Wade involved. From this, [Trial Counsel]
> reasonably could have determined Wade's testimony would not have been
> helpful. Thus, [P]etitioner has failed to demonstrate that [Trial Counsel's]
> performance was deficient or that there is a reasonable probability that, but for
> [Trial Counsel's] alleged errors, the result of the proceeding would have been
> different.

ECF No. 15, attach. 2 at 3. Notably, the very testimony that Petitioner alleges Trial Counsel was

ineffective for failing to illicit from Wade would have contradicted Petitioner's own testimony at

trial. The undersigned agrees with the Supreme Court of Virginia's disposition of this Claim and

**FINDS** that such disposition was neither unreasonable nor contrary to federal law.

Accordingly, for the reasons stated herein, the undersigned **RECOMMENDS** that Claim

4(a)(2) be **DISMISSED**.

### iii. Claim 4(a)(3)

In Claim 4(a)(3), Petitioner alleges that Trial Counsel was ineffective because he failed to

"acquire information reguarding [sic] other alleged drug deals made by [Petitioner] according to

police which were alleged to have occurred August 8, 2011 and August 16, 2011. ECF No. 1 at

34. The Supreme Court of Virginia considered and rejected this Claim on state habeas review,

finding that Petitioner failed to establish both *Strickland* prongs because

> [t]he record, including the transcript, demonstrates [P]etitioner was not convicted
> of distributing drugs on August 8, 2011, and August 16, 2011. Moreover,
> [P]etitioner has not proffered what information, beneficial or otherwise, [Trial
> Counsel] should have obtained or explained how the outcome of his case would
> have been altered by any information of other drug deals.

ECF No. 15, attach. 2 at 3. The undersigned agrees, as Petitioner again fails to articulate how

this information possibly could have affected the outcome of the case. Therefore, the

undersigned **FINDS** that the Supreme Court of Virginia's decision was neither unreasonable nor contrary to federal law.   *See Strickland v. Washington*, 446 U.S. 668, 700 (1984) (conceptualizing the inquiry as two required prongs: a deficiency prong and a prejudice prong).

Accordingly, the undersigned **RECOMMENDS** that Claim 4(a)(3) be **DISMISSED**.

### iv. Claim 4(a)(4)

In Claim 4(a)(4), Petitioner alleges that Trial Counsel was ineffective

> because he failed to insure [sic] that the police had actual probable cause to obtain a search warrant, where the probable cause was alleged to be more than just reasonable articulate susspission [sic][13] based upon the affidavit sworn to in order said warrant as being my home.

ECF No. 1 at 34-35.  The Supreme Court of Virginia rejected this Claim when it was presented in Petitioner's state habeas petition.  Specifically, the Supreme Court of Virginia observed that

> The record, including the trial transcript, demonstrates [P]etitioner was observed by police selling drugs from 7626 Quail Run Lane on three separate occasions. On each occasion, [P]etitioner entered the residence upon completion of the transaction and the warrant was executed the day after the last sale.   The affidavit supporting the warrant did not identify 7626 Quail Run Lane as [P]etitioner's residence.  From this, [Trial Counsel] reasonably could have determine the police had probable cause to obtain the search warrant and there were no reasonable grounds to attack the legality of the warrant.

ECF No. 15, attach. 2 at 4.  Additionally, after receiving and waiving his *Miranda* rights, Petitioner made statements to law enforcement that corroborated his prior drug sales by acknowledging his possession of crack cocaine inside the residence and actually admitting to

---

[13] The undersigned assumes that Petitioner intended to state the standard for a search pursuant to *Terry v. Ohio*, which is a reasonable articulable suspicion of criminal activity," as opposed to a "reasonable articulate [suspicion]" as stated by Petitioner.   *Compare* ECF No. 1 at 34, *with Illinois v. Wardlow*, 528 U.S. 119, 123 (2000) ("In *Terry*, we held that an officer may, consistent with the Fourth Amendment, conduct a brief, investigatory stop when the officer has *a reasonable, articulable suspicion* that criminal activity is afoot. . . While 'reasonable suspicion' is a less demanding standard than probable cause and requires a showing considerably less than preponderance of the evidence, the Fourth Amendment requires at least a minimal level of objective justification for making the stop.") (citing *Terry v. Ohio*, 392 U.S. 1, 30 (1968); *United States v. Sokolow*, 490 U.S. 1, 7 (1989) (internal citations omitted)) (emphasis added).

selling approximately four grams of crack cocaine per day.  *See* ECF No. 15, attach. 1 at 2.

Additionally, as a point of clarification, Respondent notes, "[t]he charges in the instant case arise

from illegal drugs seized during a search warrant and related traffic stop on August 17, 201[1].[14]

The officers obtained the search warrant based on [Petitioner's] sale of narcotics during

controlled buys over the previous month."  ECF No. 15 at 13 n.10 (citing May 29, 201[2] Trial

Transcript at 54, 57-60).  These facts, taken together, make it difficult to imagine what good-

faith challenge to the search warrant could have been mounted by Trial Counsel.  *See Juniper v.*

*Zook*, 117 F. Supp. 3d 780, 791 (E.D. Va. 2015) (explaining that the "[f]ailure to raise a meritless

argument can *never* amount to ineffective assistance") (quoting *Moore v. United States*, 934 F.

Supp. 724, 731 (E.D. Va. 1996)) (emphasis added).

Accordingly, the undersigned **FINDS** that this Claim is meritless, that the Supreme Court

of Virginia's rejection of the same was neither unreasonable nor contrary to United States

Supreme Court precedent, and therefore **RECOMMENDS** that Claim 4(a)(4) be **DISMISSED**.

### v. Claim 4(a)(5)

In Claim 4(a)(5), Petitioner alleges that Trial Counsel was ineffective because he failed to

listen to Petitioner when Petitioner tried to explain to Trial Counsel that "the offenses were only

brought against [Petitioner] because [Petitioner] refused to cooperate with law enforcement

while in custody prior to being arrested on August 17, 2011."  ECF No. 1 at 35.  The Supreme

Court of Virginia rejected this Claim when it was raised in Petitioner's state habeas petition,

finding that such Claim did not establish both *Strickland* prongs because "Petitioner has not

articulated how counsel should have used such information in a way that would have changed

---

[14] Although Respondent provide this date as August 17, 2017, the undersigned assumes that this was an error, and Respondent intended to refer to August 17, 2011, the date on which Petitioner was arrested following a traffic stop. *See* ECF No. 15, attach. 1 at 2.  Respondent makes a similar error with regards to providing the transcript date as May 29, 2017, which the undersigned assumes was intended as a reference to May 29, 2012, the date Respondent used in other citations thereto.

the outcome of his case." ECF No. 15, attach. 2 at 4.   The undersigned agrees for the reasons articulated by the Supreme Court of Virginia. *See Strickland v. Washington*, 466 U.S. 668, 685 (1984) (holding that constitutional claim of ineffective assistance requires showing of reasonable probability that but for counsel's deficient performance, outcome of proceeding would have been different).   Further, the evidence as a whole supported the jury's verdict, and Petitioner's argument that Trial Counsel "failed to listen" does not demonstrate how the outcome would have been different had Trial Counsel done anything different.

Accordingly, the undersigned **FINDS** that the Supreme Court of Virginia's rejection of this Claim was not unreasonable or contrary to existing federal law, and **RECOMMENDS** that Claim 4(a)(5) be **DISMISSED**.

### vi. Claim 4(a)(6)

In Claim 4(a)(6), Petitioner alleges that Trial Counsel was ineffective because he failed to object to "statements made by Detective Loving of drug deals where prior to his statements the Commonwealth produced no evidence that would support Loving's statements nore [sic] thereafter." ECF No. 1 at 35. As the undersigned interprets this Claim, Petitioner contends that Trial Counsel was ineffective for failing to object to Detective Loving's testimony regarding Petitioner's prior drug deals because Detective Loving's statements were based on "second-hand knowledge," and therefore, such testimony lacked the evidentiary foundation required for admission. When considering this Claim in the state habeas proceeding, the Supreme Court of Virginia rejected this claim, finding that Petitioner failed to establish the prejudice prong of the *Strickland* standard. Specifically, the Supreme Court of Virginia concluded that

> The record, including the trial transcript and the affidavit in support of the search warrant, demonstrates that Loving testified from second-hand knowledge, and without objection, to the circumstances under which the   police obtained the warrant for 7626 Quail Run Lane, including [P]etitioner's sale of drugs to a

31

confidential informant on three occasions.  The evidence, however, including [P]etitioner's admissions that the drugs discovered in Gaskin's possession and the residence were his, his admission that he was selling four grams of crack cocaine a day to pay his bills, Loving's testimony that the [P]etitioner did not have a job and    the value of the cocaine was "around $400 or $500," and the orders from [P]etitioner's four prior convictions for possession with intent to distribute, was overwhelming.  Further, despite [P]etitioner's admissions, he tried to blame Gaskins, his niece, and claimed the police lied about his confession and finding drugs under the bed.  Petitioner has a substantial criminal record, including six felony convictions, three for distribution which were presented  to the jury  during the sentencing phase of the trial, and the jury recommended twenty years' imprisonment.  Possession with intent to distribute, third or subsequent offense, carries a maximum sentence of life imprisonment and a mandatory  minimum of ten years.  *See* Code § 18.2-248(C).  Under the circumstances, [P]etitioner cannot show that but  for [Trial Counsel's] failure to object the outcome of the trial or [P]etitioner's sentence  would have been different.  Thus, [P]etitioner has failed to demonstrate that there is a reasonable probability that, but for [Trial Counsel's] alleged errors, the result of the proceeding would have been different.

ECF No. 15, attach. 2 at 5.  The undersigned agrees.  In order to establish the prejudice prong, Petitioner is required to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, 446 U.S. 668, 687, 693-94 (1984) (holding that counsel's errors must be "so serious as to deprive the defendant of a fair trial," and that a petitioner must "show that the errors had some conceivable effect on the outcome of the proceeding").  The Supreme Court of Virginia's rejection of this Claim was neither unreasonable nor contrary to established United States Supreme Court precedent.

Accordingly, the undersigned **RECOMMENDS** that Claim 4(a)(6) be **DISMISSED**.

### vii.  Claim 4(a)(7)

In Claim 4(a)(7), Petitioner alleges that Trial Counsel was ineffective because he failed to object to the admission into evidence against Petitioner, of drugs found on Secret Gaskins  and

also failed to object to evidence found within the residence on Quail Run Lane since it was never established "whether any one [sic] was at the home while the search warrant was executed, nore [sic] how it came to be know[n] as [Petitioner's] residence/home." ECF No. 1 at 35.    In essence, Petitioner faults Trial Counsel with failing to object to the Commonwealth's admission of evidence found in Secret Gaskins' possession against Petitioner.  Not only did the Supreme Court of Virginia find that Petitioner failed to "articulate any basis upon which [Trial Counsel] could reasonably have objected to the cocaine found in Gaskins' possession," but that Court also observed that in asserting this Claim, Petitioner failed to account for the fact that when the baggies of cocaine were discovered, "Petitioner spontaneously admitted the drugs were his," and reiterated this admission after being given and waiving his *Miranda* rights.  ECF No. 15, attach. 2 at 5-6.  "Failure to raise a meritless argument can never amount to ineffective assistance." *Juniper v. Zook*, 117 F. Supp. 3d 780, 791 (E.D. Va. 2015) (quoting *Moore v. United States*, 934 F. Supp. 724, 731 (E.D. Va. 1996)).  The undersigned **FINDS** that the Supreme Court of Virginia's rejection of this claim was neither unreasonable nor contrary to federal law.

Accordingly, the undersigned **RECOMMENDS** that Claim 4(a)(7) be **DISMISSED**.

### viii.  Claim 4(a)(8)

In Claim 4(a)(8), Petitioner alleges that Trial Counsel was ineffective because he failed to object to the trial testimony of Detective Strobel who testified that "she found drugs in [Petitioner's] bedroom along with [Petitioner's] driver's license, where [Trial Counsel] knew that license was secured by police when [Petitioner] was pulled over and arrested after leaving the residence." ECF No. 1 at 35.  A review of the trial transcript indicates that when the search warrant was executed on the Quail Run residence, when asked if she found any documents bearing Petitioner's name, Detective Strobel initially stated that she found "a driver's license, a

DMV one," under the bed with the cocaine and further explained that "the document," which was admitted into evidence was in Petitioner's handwriting.  As the Supreme Court of Virginia explained, "[t]he document was not a driver's license, but an application for a driver's license." ECF No. 15, attach. 2 at 6.  The Supreme Court of Virginia rejected this Claim when Petitioner raised it in his state habeas petition, finding that "[Trial Counsel] reasonably could have determined that the jury was not confused about the nature of the evidence and that an objection was not warranted."  ECF No. 15, attach. 2 at 6.  The undersigned agrees, and notes that in addition to failing to establish deficiency of Trial Counsel's performance in this respect, this Claim also fails to identify what prejudice, if any, was suffered by Petitioner, or how the result of the proceeding would have been different had Trial Counsel impeached Detective Strobel on such a minute detail.   To be sure, and particularly apropos to this Claim, the "[f]ailure to raise a meritless argument can *never* amount to ineffective assistance."  *Juniper v. Zook*, 117 F. Supp. 3d 780, 791 (E.D. Va. 2015) (quoting *Moore v. United States*, 934 F. Supp. 724, 731 (E.D. Va. 1996)) (emphasis added).

Accordingly, the undersigned **RECOMMENDS** that Claim 4(a)(8) be **DISMISSED**.

### ix. Claim 4(a)(9)

In Claim 4(a)(9), Petitioner alleges that Trial Counsel was ineffective because he failed to call two witnesses who were ready and willing to testify in Petitioner's defense.  The first was Secret Gaskins, who "was material to my defense and she called my attorney's office and received no interview."  ECF No. 1 at 35.  The second was Dorothea Wade, who owned the residence located on Quail Run Lane and would have testified that Petitioner did not reside there, have a bedroom there, or otherwise keep or store his personal effects there.  ECF No. 1 at 35-36. This is essentially the same argument asserted by Petitioner in Claim 4(a)(2), of which the

undersigned recommended dismissal.  *See* Part II.C(4)(ii), *supra*.  For the same reasons, the undersigned rejects this Claim as meritless, and **FINDS** that the Supreme Court of Virginia's rejection of the same was neither unreasonable nor contrary to federal law.  *See* ECF No. 15, attach. 2 at 2-3.  *See also* ECF No. 15, attach. 3 at 3 ("When we discussed witnesses, [Petitioner] said he did not want to get his sister who owned the house involved.  I asked him about using Secret Gaskins as a witness and as I recall he said he did not want to use her.  In my opinion, she would not have been a helpful witness and I believe she entered a guilty plea to a simple possession charge . . . and was not charged with possession with intent to distribute.").  As the Fourth Circuit (borrowing from the First Circuit) has observed, "[a] fundamental reality of trial practice is that '[o]ften, a weak witness or argument is not merely useless but, worse than that, may detract from the strength of the case by distracting from stronger arguments and focusing attention on weaknesses.'"  *United States v. Terry*, 366 F.3d 312, 318 (4th Cir. 2004) (quoting *Epsom v. Hall*, 330 F.3d 49, 53 (1st Cir. 2003)).

Accordingly, the undersigned **RECOMMENDS** that Claim 4(a)(9) be **DISMISSED**.

### x. Claim 4(a)(10)

In Claim 4(a)(10), Petitioner alleges that Trial Counsel was ineffective because he failed to object to the introduction of statements made by Petitioner on August 17, 2011 regarding unrelated events (and an unrelated arrest warrant) that occurred on July 18, 2011 and pursuant to which he was arrested on August 17, 2011 following a traffic stop.  ECF No. 1 at 36.  At trial, Detective Loving testified that Petitioner made two statements regarding his ownership of drugs located in Secret Gaskins' possession and at the Quail Run Lane residence.  *See* ECF No. 15 at 17 (citing May 29, 2012 Trial Transcript at 69-70).  Petitioner first made a spontaneous declaration that the drugs were his, ECF No. 15 at 17 (citing May 29, 2012 Trial Transcript at

35

69), and then later reiterated this admission after being advised of and waiving his *Miranda* rights, ECF No. 15 at 17 (citing May 29, 2012 Trial Transcript at 69-70). *See also* ECF No. 15, attach. 2 at 7.   Detective Loving also testified that after being Mirandized, Petitioner also admitted to Detective Loving that he had been selling approximately four grams of crack cocaine per day, that he used the proceeds of such sales to pay his bills, and that he had purchased a quantity of crack cocaine that evening for such purpose, and it was under his bed. ECF No. 15 at 17 (citing May 29, 2012 Trial Transcript at 70).

In rejecting this claim in Petitioner's state habeas petition, the Supreme Court of Virginia found that Petitioner "fail[ed] to articulate any grounds upon which counsel reasonably could have argued his statements to police should be excluded."   ECF No. 15, attach. 2 at 7. Consequently, the Supreme Court of Virginia concluded that Petitioner had "failed to demonstrate that [Trial Counsel's] performance was deficient or that there [was] a reasonable probability that, but for [Trial Counsel's] alleged errors, the results of the proceeding would have been different." ECF No. 15, attach. 2 at 7. Once again, "[f]ailure to raise a meritless argument can never amount to ineffective assistance." *Juniper v. Zook*, 117 F. Supp. 3d 780, 791 (E.D. Va. 2015) (quoting *Moore v. United States*, 934 F. Supp. 724, 731 (E.D. Va. 1996)).   The undersigned **FINDS** that the Supreme Court of Virginia's rejection of this Claim was "not contrary to federal law, nor did it involve an unreasonable application of federal law, nor was it based on an unreasonable determination of the facts in light of the evidence." *Ellis v. Johnson*, No. 2:09CV394, 2010 WL 1286040, at *2 (E.D. Va. Mar. 30, 2010).

Accordingly, the undersigned **RECOMMENDS** that Claim 4(a)(10) be **DISMISSED**.

### xi. Claim 4(a)(11)

In Claim 4(a)(11), Petitioner alleges that Trial Counsel was ineffective because he failed to argue/advise the Trial Court that Detective Loving committed perjury when he testified at trial that he could not recall if Petitioner had also been charged for the drugs found in the possession of Secret Gaskins since Detective Loving was the law enforcement officer who swore out the affidavit in support of the arrest warrant charging Petitioner for said drugs. ECF No. 1 at 36.

At trial, Detective Loving was asked if he recalled if Petitioner had also been charged with possession of the cocaine found on Secret Gaskins, to which Detective Loving responded "I don't recall. I believe he was but I do not recall." ECF No. 15, attach. 2 at 7. In denying this claim as raised in Petitioner's state habeas proceeding, the Supreme Court of Virginia found that

> [Trial] Counsel reasonably could have determined any argument that Detective Loving committed perjury when he testified that he could not recall the specific charge would not be beneficial to [P]etitioner's case, especially given this minor collateral issue was not directly relevant to whether [P]etitioner possessed the cocaine found on Gaskins with the intent to distribute it.

ECF No. 15, attach. 2 at 7. In asserting this Claim, Petitioner fails to make the requisite connection between Trial Counsel's allegedly defective performance and actual prejudice suffered by Petitioner. *See Lockhart v. Fretwell*, 506 U.S. 364, 369 n.2 (1993) ("[U]nder *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), an error of constitutional magnitude occurs in the Sixth Amendment context only if the defendant demonstrates (1) deficient performance and (2) prejudice.")) (internal citations omitted).

Accordingly, the undersigned **FINDS** that the claim is meritless, the Supreme Court of Virginia's denial of this claim was not unreasonable or contrary to established United States Supreme Court precedence, and **RECOMMENDS** that Claim 4(a)(11) be **DISMISSED**.

37

### xii.  Claim 4(a)(12)

In Claim 4(a)(12), Petitioner alleges that Trial Counsel was ineffective because Trial Counsel failed to communicate with Petitioner regarding trial strategy and contemplated defenses prior to trial, and the failure to do so rendered Petitioner unable to make informed choices about how to proceed.  For example, Petitioner alleges that "[h]ad he told me that he intended to paint the police as liers [sic] then I would have been better prepared."  ECF No. 1 at 36 (citing ECF No. 1 at 74) ("But when you said that you would not testify, I could not set the stage for your testimony with the jury and plant the notion in their minds of the possibility that the police officers were not telling the truth or that they had their facts wrong.").  The Supreme Court of Virginia rejected this Claim when Petitioner asserted it in his state habeas petition, finding that neither *Strickland* prong was satisfied because "Petitioner has failed to articulate how he would have been better prepared if [Trial Counsel] had informed him of [Trial Counsel's] trial strategy or to explain how such preparation would have altered the outcome of his case."  ECF No. 15, attach. 2 at 8.  *See also Sigmon v. Dir. of Dep't of Corr.*, 285 Va. 526, 535, 739 S.E.2d 905, 910 (2013) (where a petitioner "failed to provide affidavits or other evidence to show [for example,] what additional trial strategies and defenses were available if counsel had met with him more often and engaged in additional trial preparation; what additional investigation of the charges would have revealed," the petitioner failed to establish *Strickland*'s prejudice prong, i.e., that the outcome would have been different but for counsel's errors); *Muhammad v. Warden of Sussex I State Prison*, 274 Va. 3, 19, 646 S.E.2d 182, 195 (2007) ("Petitioner does not articulate a factual basis to support this claim and does not identify with specificity any act or omission of counsel which was objectively unreasonable. Furthermore, petitioner does not attempt to demonstrate how these failures were prejudicial.").  Additionally,

as previously noted, Petitioner repeatedly changed his mind regarding his decision to testify, which caused Trial Counsel to abandon what he believed to be the most viable defense, and the execution thereof required the expected testimony of Petitioner as Trial Counsel and Petitioner had previously discussed.  As Respondent notes, Petitioner's "decision not to cooperate with [Trial Counsel] in executing an agreed strategy at trial does not render counsel's performance deficient." ECF No. 15 at 21.

Accordingly, for the reasons stated herein, the undersigned **FINDS** that the Supreme Court of Virginia's rejection of this Claim was neither unreasonable nor contrary to United States Supreme Court precedent, and the undersigned **RECOMMENDS** that Claim 4(a)(12) be **DISMISSED**.

### xiii. Claim 4(a)(13)

In Claim 4(a)(13), Petitioner alleges that Trial Counsel was ineffective because he failed "to object at critical points in the trial in order to preserve material issues for appeal if [Petitioner] did not prevail at trial." ECF No. 1 at 36.  Specifically, Petitioner contends that Trial Counsel should have preserved the issues raised by Claims 4(a)(4), 4(a)(6), 4(a)(7), 4(a)(8), 4(a)(9), and 4(a)(10).  ECF No. 1 at 36.

"Pursuant to the cumulative error doctrine, '[t]he cumulative effect of two or more individually harmless errors has the potential to prejudice a defendant to the same extent as a single reversible error.'" *United States v. Basham*, 561 F.3d 302, 330 (4th Cir. 2009) (quoting *United States v. Rivera*, 900 F.2d 1462, 1469 (10th Cir. 1990) *cited with approval in United States v. Martinez*, 277 F.3d 517, 532 (4th Cir. 2002)) (alterations in original).  "However, a 'legitimate cumulative-error analysis evaluates only the effect of matters actually determined to be constitutional error.'" *Samples v. Ballard*, No. 2:14-CV-15413, 2016 WL 1271508, at *17

(S.D. W. Va.  Mar. 31, 2016), *aff'd*, 860 F.3d 266 (4th Cir. 2017), *cert. denied*, 138 S. Ct. 979, 200 L. Ed. 2d 260 (2018) (quoting *Fisher v. Angelone*, 163 F.3d 835, 852 n.9 (4th Cir. 1998)).

When considering Claim 4(a)(13) in Petitioner's state habeas petition, the Supreme Court of Virginia construed it as raising a "cumulative error" claim and rejected it, having previously rejected the claims undergirding this allegation of error.  *See* ECF No. 15, attach. 2 at 8 ("As addressed previously, [P]etitioner's individual claims of ineffective assistance of counsel are without merit.  'Having rejected each of [P]etitioner's individual claims, there is no support for the proposition that such actions when considered collectively have deprived [P]etitioner of his constitutional rights to effective assistance of counsel.'") (quoting *Lenz v. Warden of the Sussex I State Prison*, 267 Va. 318, 340, 593 S.E.2d 292, 305, *cert. denied*, 542 U.S. 953 (2004)).  The undersigned agrees.  *See United States v. Russell*, 34 F. App'x 927, 927–28 (4th Cir. 2002) ("In *Fisher*, we held that it is not appropriate to consider the cumulative effect of attorney error when the individual claims of ineffective assistance do not violate the defendant's constitutional rights. . . . The individual claims in *Fisher* were reviewed on the merits and determined not to amount to error.  Thus, cumulatively, we held they could not amount to error.") (citing *Fisher v. Angelone*, 163 F.3d 835, 852-53 (4th Cir. 1998); *Moore v. Reynolds*, 153 F.3d 1086, 1113 (10th Cir. 1998) (stating that cumulative error analysis applies where there are two or more actual errors; it does not apply to the cumulative effect of non-errors)).  Since Petitioner fails to establish constitutional error with respect to his individual claims, he cannot establish cumulative error.

The undersigned **FINDS** that the Supreme Court of Virginia's disposition of this Claim was neither contrary to, nor an unreasonable application of existing United States Supreme Court precedent.  Accordingly, the undersigned **RECOMMENDS** that Claim 4(a)(13) be **DISMISSED**.

40

### xiv.  Claim 4(a)(14)

In Claim 4(a)(14), Petitioner alleges that Trial Counsel's "unprofessional errors cuased [Petitioner] to suffer prejudice in having a fair trial in violation of [his] right to effective assistance of counsel."   ECF No. 1 at 36-37.   Like the immediately preceding Claim (Claim 4(a)(13), the undersigned construes this Claim as being raised pursuant to the "cumulative error" doctrine.  *See United States v. Basham*, 561 F.3d 302, 330 (4th Cir. 2009) ("Pursuant to the cumulative error doctrine, '[t]he cumulative effect of two or more individually harmless errors has the potential to prejudice a defendant to the same extent as a single reversible error.'") (quoting *United States v. Rivera,* 900 F.2d 1462, 1469 (10th Cir. 1990) *cited with approval in United States v. Martinez,* 277 F.3d 517, 532 (4th Cir. 2002)) (alterations in original).  The Supreme Court of Virginia similarly viewed this Claim when considering and rejecting it in Petitioner's state habeas petition.  *See* ECF No. 15, attach. 2 at 8 (construing both Claims 13 and 14 as "cumulative error" claims and rejecting both).  For the same reasons undergirding the undersigned's rejection of Claim 4(a)(13), the undersigned **FINDS** this Claim to be without merit, and that the Supreme Court of Virginia's rejection of the same was neither unreasonable nor contrary to existing United States Supreme Court precedence.

Accordingly, the undersigned **RECOMMENDS** that Claim 4(a)(14) be **DISMISSED**.

### xv.  Claim 4(a)(15)

In Claim 4(a)(15), Petitioner alleges that Trial Counsel's "deficient performance prior to trial in failing to properly investigate directly prejudiced any ability that [Petitioner] had to have a fair trail [sic] and adequate defense."  ECF No. 1 at 37.  Petitioner further alleges that "at trial [Trial Counsel] could do more than be ineffective thereby substantially effecting [sic] the outcome of the proceding [sic] as [Trial Counsel] attempted to get [Petitioner] to stop the trial

and to plead guilty." ECF No. 1 at 37. The Supreme Court of Virginia rejected this claim, noting that

> [t]he record, including the trial transcript, demonstrates that [P]etitioner did not plead guilty and [P]etitioner fails to allege how [Trial Counsel] was unprepared for trial. Petitioner also fails to proffer what other decisions about trial he would have made and how the outcome of his case would have been different but for [Trial Counsel's] urging [P]etitioner to plead guilty.

ECF No. 15, attach. 2 at 8. The undersigned notes that in asserting this claim, Petitioner neglects to include the events leading up to Trial Counsel's requests that Petitioner plead guilty. As previously recounted in the undersigned's recitation of the factual and procedural background, *see* Part I, *infra*, through jury selection and up until opening statements were to be delivered, Trial Counsel's trial strategy was centered on Petitioner's plan to testify in his own defense, and at the last minute, Petitioner changed his mind and decided he did not wish to testify, only to subsequently change his mind again and indicate his desire to testify after Detectives Loving and Strobel had already testified. *See* ECF No. 15, attach. 3 at 4 ("On the day of trial, [Petitioner] sat next to me while we chose the jury and then he told me he changed his mind and he was not going to testify at all. He later changed his mind again and said he wanted to testify but I feel his case was damage by his decision because I could not use my opening statement, or use my planned cross examination of the police as I intended to do before he told me he was not going to take the witness stand.").

It is well-established that a defendant in a criminal trial has a constitutional right to testify on his own behalf. *See Rock v. Arkansas*, 483 U.S. 44, 51 (1987). It is equally well-established that it is the defendant (and not defense counsel) who retains the ultimate authority to decide whether or not to testify. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983). However, when a defendant makes an  informed decision either to testify or not testify, he is prohibited from later

"approach[ing] the court and complain[ing] of the result of his decision." *United States v. McMeans*, 927 F.2d 162, 163 (4th Cir. 1991). Under these legal principles, and against the instant factual backdrop, it is clear that any "prejudice" Petitioner allegedly suffered was solely the result of his own indecisiveness, as opposed to any deficiencies of performance exhibited by Trial Counsel, and "'[a] defendant in a criminal case cannot complain of error which he himself has invited.'" *United States v. Collins*, 372 F.3d 629, 635 (4th Cir. 2004) (quoting *United States v. Herrera,* 23 F.3d 74, 75 (4th Cir. 1994) (quoting *Shields v. United States,* 273 U.S. 583, 586 (1927))).

The undersigned **FINDS** that this Claim lacks merit, and therefore, the Supreme Court of Virginia's rejection of the same was neither unreasonable nor contrary to federal law. Accordingly, the undersigned **RECOMMENDS** that Claim 4(a)(15) be **DISMISSED**.

### xvi.  Claim 4(a)(16)

In Claim 4(a)(16), Petitioner alleges that Trial Counsel was ineffective "in attempting to have [Petitioner] plead guilty due to [Trial Counsel's] unprepairedness [sic] before trial and during trial." ECF No. 1 at 37. Petitioner further avers that Trial Counsel

> consistantly [sic] told [Petitioner] that if [Petitioner] pleaded guilty I would probaby recieve [sic] only five or six years under the guied lines [sic], while knowing full will [sic] that [Petitioner] had prior distribution convictions and also that the guiedlines [sic] are not mandatory but only a procedural guied [sic] depending upon the discretion of the court.

ECF No. 1 at 37. The Supreme Court of Virginia considered and rejected this Claim when it was raised by Petitioner's state habeas petition. Specifically, the Supreme Court of Virginia found that Petitioner failed to establish either of the *Strickland* prongs, noting

> [t]he record, including the trial transcript, demonstrates [P]etitioner pled not guilty and proceeded to trial. Petitioner fails to allege how [Trial Counsel] misunderstood the guidelines. Petitioner also fails to proffer what other decisions

43

> about trial he would have made and how the outcome of his case would have been
> different but for [Trial Counsel] urging [P]etitioner to plead guilty.

ECF No. 15, attach. 2 at 9.   As the undersigned noted in its disposition of Claim 4(a)(15),

Petitioner cannot assert an ineffective assistance of counsel claim premised in large part, upon

his own invited error. *See* Part II.C(4)(xv), *supra*.   Moreover, the Supreme Court of Virginia's

observation is well taken:   even assuming Trial Counsel "misunderstood the guidelines" as

averred by Petitioner, Petitioner did not plead guilty, and therefore has failed to demonstrate

what prejudice was suffered as a result of Trial Counsel's alleged misapprehension.   This does

not meet the requirements of *Strickland. See Lockhart v. Fretwell*, 506 U.S. 364, 369 n.2 (1993)

("[U]nder *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), an

error of constitutional magnitude occurs in the Sixth Amendment context only if the defendant

demonstrates (1) deficient performance and (2) prejudice.")) (internal citations omitted).   The

undersigned **FINDS** that this Claim lacks merit, and the Supreme Court of Virginia's rejection of

the same was neither unreasonable nor contrary to existing United States Supreme Court

precedent.

Accordingly, the undersigned **RECOMMENDS** that Claim 4(a)(16) be **DISMISSED**.

### 5.  *Claim 5*

In Claim 5, Petitioner seeks federal habeas relief on the grounds that Trial Counsel was

ineffective for failing to perfect an appeal from the Court of Appeals of Virginia to the Supreme

Court of Virginia. ECF No. 1 at 47-50.   When considering this claim in Petitioner's state habeas

petition, the Supreme Court of Virginia concluded that this Claim was moot because "[t]he

record demonstrates this Court entered an order on October 22, 2014, granting [P]etitioner a

belated appeal.   Thus, [P]etitioner has already received all the relief to which he is entitled."

ECF No. 15, attach. 2 at 9.   The undersigned **FINDS** that this state court decision was neither

unreasonable nor contrary to established federal law. Since Petitioner was, in fact, able to pursue an appeal, there cannot have been any prejudice associated with counsel's actions. Additionally, the undersigned notes that Petitioner fails to identify which claims should have been raised on belated appeal but were not. This bald allegation of error does not entitled Petitioner to the relief he seeks. Assuming *arguendo*, that Petitioner did identify the issues that should have been raised on appeal but were not, he would have been forced to confront the equally deferential standard applied to appellate counsel. To be sure, an attorney representing a litigant on appeal is under no requirement to raise every single, potentially meritorious claim, therefore he certainly was not required to raise an arguably meritless one. *See Beyle v. United States*, 269 F. Supp. 3d 716, 727 (E.D. Va. 2017) (explaining that on appeal, in order to provide effective assistance, counsel need not (and should not) raise every non-frivolous issue) (quoting *Smith v. Robbins*, 528 U.S. 259, 288 (2000); citing *Jones v. Barnes*, 463 U.S. 745, 752–53 (1983) ("A brief that raises every colorable issue runs the risk of burying good arguments.")) (internal citations omitted). When challenging the performance of appellate counsel under the *Strickland* prejudice prong, "a petitioner must show a reasonable probability that, but for [appellate] counsel's unprofessional errors, his appeal would have been successful." *Beyle v. United States*, 269 F. Supp. 3d 716, 727 (E.D. Va. 2017) (citing *Smith v. Robbins*, 528 U.S. 259, 285-86, 288 (2000)).

Notwithstanding the mootness issue, Petitioner has failed to make this connection between Appellate Counsel's allegedly defective performance and actual prejudice suffered by Petitioner. Accordingly, the undersigned **FINDS** that the claim is meritless, the state court's denial of this claim was not unreasonable, and **RECOMMENDS** that Claim 5 be **DISMISSED**.

6. *Claim 6*

In Claim 6, Petitioner argues that his constitutional right to a fair trial was violated by prosecutorial and police misconduct, because "the prosecutor introduced into my trial evidence of other offenses, and the police involved had the physicall [sic] evidence for which the Commonwealth used." ECF No. 1 at 51. This Claim essentially reiterates the grounds asserted in Claim 1, challenging the sufficiency of the evidence. *See* Part II.C(1), *supra*. The Supreme Court of Virginia found this claim to be procedurally defaulted under *Slayton* when Petitioner asserted it for the first time in his state habeas proceeding. *See* ECF No. 15, attach. 2 at 9 (finding this Claim "barred because [this] non-jurisdictional issue[] could have been raised at trial and on direct appeal, and thus, [is] not cognizable in a petition or a writ of habeas corpus") (citing *Slayton v. Parrigan*, 215 Va. 27, 29, 205 S.E.2d 680, 682 (1974), *cert. denied*, 419 U.S. 1108 (1975)). "The Fourth Circuit has consistently held that 'the procedural default rule set forth in *Slayton* constitutes an adequate and independent state law ground for decision.'" *Johnson v. Clarke*, No. 1:13CV423 LO/IDD, 2014 WL 3697405, at *5 (E.D. Va. July 23, 2014) (quoting *Mu'min v. Pruett*, 125 F.3d 192, 196–97 (4th Cir. 1997)). Additionally, the undersigned observes, as it did when considering and disposing of Claim 1, that the Supreme Court of the United States has repeatedly made clear that "evidence is sufficient to support a conviction whenever, 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Parker v. Matthews*, 567 U.S. 37, 43 (2012) (quoting *Jackson v. Virginia,* 443 U.S. 307, 319 (1979)). Here, as the Court of Appeals of Virginia found, the evidence against Petitioner was overwhelming, and in any event, was certainly buttressed by Petitioner's post-*Miranda* admissions to Detective Loving acknowledging that drugs found on Secret Gaskins' person

46

belonged to him, and that he sold drugs on a daily basis, as well as his trial testimony that he stayed at the house located on Quail Run Lane.

The undersigned **FINDS** that notwithstanding the procedural bar to federal review imposed by Slayton, the state court's disposition of this claim was not unreasonable, the claim is meritless, and the undersigned **RECOMMENDS** that Claim 6 be **DISMISSED**.

### 7.  Claim 7

In Claim 7, Petitioner once again reiterates his previous assertion that the search of the Quail Run Lane residence was unlawful. ECF No. 1 at 54. The Supreme Court of Virginia rejected this Fourth Amendment claim as procedurally defaulted under the *Slayton* rule when it was raised for the first time in Petitioner's state habeas petition. *See* ECF No. 15, attach. 2 at 9 (citing *Slayton v. Parrigan*, 215 Va. 27, 29, 205 S.E.2d 680, 682 (1974), *cert. denied*, 419 U.S. 1108 (1975)).

As clearly established by Fourth Circuit case law, "[i]n Virginia, the basic procedural bar rule is a simple one: no writ will be granted on the basis of any legal or factual claim the petitioner could have made previously, but did not." *Pruett v. Thompson*, 771 F. Supp. 1428, 1437 (E.D. Va. 1991), *aff'd*, 996 F.2d 1560 (4th Cir. 1993) (citing *Slayton v. Parrigan*, 215 Va. 27, 205 S.E.2d 680 (1974), *cert. denied*, 419 U.S. 1108 (1975); Va. Code Ann. § 8.01–654(B)(2)). *See also Johnson v. Clarke*, No. 1:13CV423 LO/IDD, 2014 WL 3697405, at *5 (E.D. Va. July 23, 2014) ("The Fourth Circuit has consistently held that 'the procedural default rule set forth in *Slayton* constitutes an adequate and independent state law ground for decision.'") (quoting *Mu'min v. Pruett*, 125 F.3d 192, 196–97 (4th Cir. 1997)). Notwithstanding the applicability of *Slayton*'s procedural bar to Claim 7, it cannot be said that the Supreme Court of Virginia acted unreasonably in applying United States Supreme Court law, or acted contrary

47

thereto, based on "the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181–82 (2011). This record included Petitioner's failure to identify the offending portions of the affidavit executed and submitted in support of the search warrant for the Quail Run Lane residence.

Accordingly, the undersigned **RECOMMENDS** that Claim 7 be **DISMISSED**.

## III. RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 13, be **GRANTED**, and the Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE**.

## IV. OUSTANDING MOTION

A. Petitioner's Motion for Leave to Proceed in Forma Pauperis (ECF No. 2)

In addition to his *pro se* Petition, Petitioner also moved the Court for leave to proceed in forma pauperis, citing his lack of funds to pay the requisite filing fee. ECF No. 2. Upon receipt of Petitioner's Motion for Leave, the undersigned contacted Keith W. Davis, Warden of Deerfield Correctional Center, Petitioner's current institution of incarceration to inquire as to the status of Petitioner's financial ability to pay the filing fee. ECF No. 3. On June 22, 2017, Warden Davis provided the Court with Petitioner's Prisoner Trust Fund Account Statement. ECF No. 4. Upon consideration of Warden Davis' submission, the undersigned determined that Petitioner had access to sufficient assets to pay the $5.00 filing fee and directed Petitioner to remit such payment, move for an extension to do so, or otherwise demonstrate factors that would allow the Court to excuse Petitioner's payment of the filing fee. ECF No. 5. On October 2, 2017, Petitioner paid the filing fee and the Petition was deemed filed. ECF No. 6. Accordingly, Petitioner's Motion for Leave to Proceed in Forma Pauperis (ECF No. 2) is **DENIED**.

## V. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Petitioner is notified that:

1.  Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is forwarded to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2.  A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to Petitioner and to counsel for Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge
Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
July 10, 2018