UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
SEP 19 2018
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

BRIAN HAMPTON WATSON,

Petitioner,

v.

ACTION NO. 2:17cv179

HAROLD W. CLARKE, Director,
Virginia Department of Corrections,

Respondent.

# FINAL ORDER

Before the Court is a Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 and the Respondent's Motion to Dismiss the Petition. In his Petition, the *pro se* Petitioner alleges violations of his constitutional rights in relation to his conviction for Possession with Intent to Distribute a Controlled Substance, Third or Subsequent Offense, in the Circuit Court of Prince William County, Virginia, which resulted in a twenty-year sentence of active incarceration in the Virginia Department of Corrections.

The Petition was referred to a United States Magistrate Judge for report and recommendation pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Local Civil Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Magistrate Judge's Report and Recommendation (ECF No. 20) was filed July 10, 2018, and recommends granting Respondent's Motion to Dismiss (ECF No. 13) with prejudice.

Each party was advised of the right to file written objections to the findings and recommendations made by the Magistrate Judge. On August 13, 2018, the Court received

1

Petitioner's objections to the Report and Recommendation. ECF No. 23. Respondent has not responded to Petitioner's objections and the time to do so has expired.

Petitioner's sole objection to the Report and Recommendation is that his claims should not be denied or dismissed without the Court first granting his request for an evidentiary hearing. It is well-established that habeas petitioners are not entitled to demand an evidentiary hearing, but may be granted a hearing under certain conditions:

> A petitioner who has diligently pursued his habeas corpus claim in state court is entitled to an evidentiary hearing in federal court, on facts not previously developed in the state court proceedings, if the facts alleged would entitle him to relief, and if he satisfies one of the six factors enumerated by the Supreme Court in *Townsend v. Sain*, 372 U.S. 293, 313 (1963).

*Juniper v. Zook*, 876 F.3d 551, 563 (4th Cir. 2017) (quoting *Conaway v. Polk*, 453 F.3d 567, 582 (4th Cir. 2006)).

The six *Townsend* factors are:

> (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing.

*Juniper v. Zook*, 876 F.3d at 563 n.5 (citing *Townsend*, 372 U.S. at 313).

Petitioner failed to show that he would prevail on the merits of the Petition. He also was given a full and fair opportunity to present evidence in state court and his claim was adjudicated fully on the merits in state court. Petitioner has failed to otherwise establish any of the *Townsend* factors. The Magistrate Judge made his recommendation without a hearing properly pursuant to Federal Rule of Civil Procedure 78(b) and Eastern District of Virginia Local Civil Rule 7(J).

ECF No. 20 at 1. This Court, having reviewed the record and examined the objections filed by Petitioner to the Report and Recommendation, and having made *de novo* findings with respect to the portions objected to, hereby **ADOPTS** and **APPROVES** the findings and recommendations set forth in the Report and Recommendation filed July 10, 2018. It is, therefore, **ORDERED** that the Respondent's Motion to Dismiss (ECF No. 13) is **GRANTED**, and that the Petition (ECF No. 1) is **DENIED** and **DISMISSED WITH PREJUDICE**. It is further **ORDERED** that Judgment be entered in favor of Respondent.

Petitioner may appeal from the Judgment entered pursuant to this Final Order by filing a Notice of Appeal with the Clerk of this Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty days from the date of entry of such Judgment.

Petitioner has failed to demonstrate a substantial showing of the denial of a constitutional right. Therefore, the Court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

The Clerk shall forward a copy of this Final Order to Petitioner and to counsel of record for Respondent.

It is so **ORDERED**.

/s/
Arenda L. Wright Allen
United States District Judge

Sept 19th, 2018